Per Curiam.

As the verdict is for the defendant, we presume the sum due on the note, except $ 300, has been paid. The question is, whether the sending of the bills by the defendant Perry, and the receipt of them by the plaintiff in the manner stated in the report, constituted a valid payment.
In the view of the case taken by the Court, the questions whether the plaintiff would be bound to give notice of his intention not to accept the bills in payment, and to whom and within what time such notice should have been given, become immaterial.
The bills were sent as cash, the bank being then good, for the express purpose of being applied in payment of this note, with directions to the lad who carried them, to see them thus applied, either by an indorsement on the note, or by a separate receipt, or to bring back the bills. Bank notes are considered a good tender, unless objection is made on that account, and here no such objection was made by the creditor. Wright v. Reed, 3 T. R. 554.[1]
But the plaintiff relies upon the terms of the receipt, stated m the report, and the condition or alternative therein expressed. If this receipt had been given by Perry himself, or by an agent, competent to bind him in this respect, he would be bound by the condition. Then the question recurs, could the messenger, consistently with his authority, accept such receipt. He was instructed to see the money indorsed, or to take a receipt as for so much money received in payment, or to bring the aills back. This was the extent of his authority.
*552 An agent with limited authority cannot exceed it, and if he does, his principal will not be bound by his acts, unless he affirms them afterwards. Fenn v. Harrison, 3 T. R. 757 ; 1 Com. on Contr. 240.[2] The party dealing with a special agent is bound to inquire and ascertain the extent of his authority. Chitty on Contr. 58. Here there is no ground to maintain that the defendant Perry, or either of the defendants, affirmed the act of the messenger in taking a conditional receipt. Suppose specie had been sent instead of bank notes, with similar directions, and a similar receipt had been taken by the messenger ; it seems very clear, that a special agent, with such limited authority, would have bad no power to bind the debtors, by accepting a receipt containing such a condition.
As these bank notes were offered to the holder of the note in payment, and were not objected to upon that ground, but were actually received by the holder, and as the right to return them and rescind the payment, implied by the condition in the receipt, was not given by any act done or authorized by the defendants, the Court are.all of opinion, that the acceptance of them was a payment pro tanto, and therefore that there must be judgment according to the verdict.

 See Polglase v. Oliver, 1 Price’s P. C. 133 ; 2 Tyr. 89 ; 2 Crompt. & Jerv. 15; Brown v. Saul, 4 Esp. 267; Tiley v. Courtier, 2 Crompt. & Jerv. 16, note Warren v. Mains, 7 Johns. R. 476.

 See Story’s Comm. Agency; 115 et seq., and cases cited in the notes Chitty on Contr. (4th Am. ed.) 174 et seq.